IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MONTEGO McCLURE                                                                                    PLAINTIFF

        v.                            Civil No. 6:12-cv-06113

ANDREA L. DAVIS, Attorney,
Hot Springs, Arkansas; and
JUDGE ROBERT MCALLUM,
Ninth Judicial District                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Montego McClure, currently an inmate of the Arkansas Department of Correction, Varner Unit, filed this case under the provisions of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the complaint, Andrea Davis, a public defender, was appointed in April of 2009, to represent McClure in two separate criminal cases. At the time, McClure alleges he was a juvenile and was illiterate.

McClure indicates he orally agreed to enter into a plea agreement providing for 120 months imprisonment based on the recommendation of Davis. On September 22, 2009, when he was going to sign the plea agreement, McClure alleges he noticed that the document indicated he would be

imprisoned for 240 months. When he brought this to the attention of Davis, McClure indicates she told him he was being sentenced to ten years to run concurrently with his ten year sentence in the other criminal case. Based on this representation, McClure signed the plea agreement.

McClure states it was not until after he was imprisoned that he discovered he was actually being sentenced to twenty years imprisonment. McClure maintains that Davis did not provide him with the effective assistance of counsel. McClure contends that Judge McCallum violated the ethical rules applicable to judges and deprived McClure of his constitutional rights. He also contends that the fact that he is an African American factored into the conduct of both Defendants.

McClure brings claims under 18 U.S.C. §§ 241- 242, 42 U.S.C. §§ 1983-1986. As relief, McClure seeks a declaratory judgment against the Defendants. He also seeks both compensatory and punitive damages.

**2. Discussion**

McClure's claims are subject to dismissal for a number of reasons. First, his claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any § 1983 claims based on events that occurred in 2009, would be barred by the statute of limitations.

The three year statute of limitations also applies to cases brought under 42 U.S.C. § 1985. *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). Section 1986 contains a one year

statute of limitation. Thus, McClure's claims are barred by §§ 1983, 1985, and 1986.

Second, 18 U.S.C. § 241 makes it unlawful for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States. This is a criminal statute and there is no private right of action; in other words, a citizen cannot file a civil action under this statute. *See e.g., Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256 (M.D. Fla. 2008)(criminal conspiracy statutes do not authorize civil suits or create a private cause of action).

Similarly, § 242 establishes criminal liability for certain deprivations of civil rights and conspiracies to deprive a person of his civil rights. There is no private cause of action. *See e.g., Rockefeller v. U. S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17 (D.D.C. 2003).

Third, even if the statute of limitations did not bar his claims, the claims would be subject to dismissal. Andrea Davis, McClure's public defender, is not subject to suit. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. S*ee also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Finally, Judge McCallum is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*,

15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

### 3. Conclusion

Accordingly, I recommend that the motion to proceed IFP be denied and the case dismissed on the grounds that the claims are frivolous, fail to state claims, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**McClure has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McClure is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of April 2013.**

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE